## WOOD v. PRIDDY.

(Court of Civil Appeals of Texas. Dallas. Feb. 28, 1914. Rehearing Denied March 21, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 437*)—FORECLOSURE—DEATH OF MORTGAGOR.

A suit to foreclose a deed of trust securing a note of defendant's grantor, and which defendant signed upon conveyance of the land to him, will not be abated for 12 months, on the ground that the foreclosure was the assertion of a claim against the estate of defendant's grantor, of which defendant had been appointed administrator, and could not be maintained within a year, under Rev. St. 1911, arts. 3362, 3363, even though an action to set the conveyance aside was pending.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1729–1761, 1764; Dec. Dig. § 437.*]

2. ABATEMENT AND REVIVAL (§ 18*)—MATTERS OF ABATEMENT.

That defendant signed his name to the note declared on by plaintiff, under a mistake of law, is no ground for abatement of the suit; being, at most, a matter of defense.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. § 139; Dec. Dig. § 18.*]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by Mrs. M. M. Priddy against Joshua Wood. From a judgment for plaintiff, defendant appeals. Affirmed.

R. M. Vaughan, of Hillsboro, for appellant. Wear & Frazier, of Hillsboro, for appellee.

RAINEY, C. J. This suit was brought by appellee against appellant to recover on a note executed to D. C. Wood and appellant to foreclose a deed of trust executed by D. C. Wood on certain land situated in Hill county, Tex. The defendant filed a plea in abatement to plaintiff's action, seeking to abate the suit for 12 months, on the ground that the claim was a debt against the estate of D. C. Wood; that appellant had been appointed independent executor; and that since said appointment and probating of the will of D. C. Wood 12 months had not expired. Plaintiff filed a supplemental petition consisting of a general demurrer and general denial. A demurrer was sustained to the plea in abatement, and a trial without a jury resulted in a judgment against the appellant for the defendant, and a foreclosure of the lien on the land, and the appellant appeals.

There is only one assignment of error presented, and that is in effect, that the court erred in sustaining plaintiff's demurrer to appellant's plea in abatement.

[1] Said plea in abatement alleged, in substance: That on November 10, 1910, D. C. Wood executed the note sued on, and, to secure its payment, he executed his deed of trust on the land mentioned in plaintiff's petition, and conveyed the same in trust to R. E. L. Priddy. "That on or about the 18th day of March, 1912, the said D. C. Wood by his instrument commonly called a general warranty deed, executed, on and of date March 18, 1912, to this defendant as grantee, conveyed to this defendant, together with other property hereinabove described, and after the due execution and delivery by the said D. C. Wood to this defendant of the deed of date March 18, 1912, above referred to, this defendant, thinking that it was proper and right for him to do so, signed his name to the note described in plaintiff's said petition, he having purchased the property from the said D. C. Wood incumbered with the indebtedness evidenced by said note. This defendant further alleges that at the date of the execution of said note he was in no wise indebted to the plaintiff, or liable for the indebtedness for which said note was executed; but that the indebtedness for which said note was executed was the indebtedness solely due by the said D. C. Wood to the plaintiff." On April 9, 1912, D. C. Wood made his will, which provided for the payment of his debts, and bequeathing to appellant all his property, real and mixed, and constituting appellant his executor without bond, and without any action of the courts other than such as the statutes required. That D. C. Wood died June 14, 1912, and appellant filed his will for probate, and that he be appointed executor. That on August 19, 1912, the application was heard, and it was decreed that the will be probated, and that letters testamentary be issued to him as executor upon his taking the oath required, etc. That an appeal was perfected from said probate judgment, and same was still pending in the district court. That certified copies of the proceedings in the probate court mentioned were attached to and made exhibits to the plea. That on August 17, 1912, Oliver Wood and others filed a suit against appellant et al. in the district court of Hill county to set aside and cancel the deed made by D. C. Wood to appellant to land in controversy and other property, and reinvest the title in the heirs of D. C. Wood, and in his estate to be partitioned under law between the next of kin of D. C. Wood. "That said suit is now pending on the dockets of this honorable court undetermined, and this defendant alleges that in the event the plaintiffs should prevail in said cause No. 9120 on the dockets of this honorable court, that the title to all of the property described in the deed of conveyance executed by the said D. C. Wood to this defendant on the 18th day of March, 1912, would be reinvested in the estate of said D. C. Wood, subject to be

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

administered on under the will executed by the said D. C. Wood, as hereinbefore alleged, in the event the probate of same should be sustained. That the proceedings including the petition in said cause No. 9120 are here referred to and for all legal purposes made a part of this plea."

Articles 3362 and 3363, R. S. 1911, were pleaded, which, in effect is for the enforcement of debts or claims against an independent administrator, and that such executor shall not be required to plead to any suit for money until the expiration of 12 months from the probating of such will. "This defendant alleges that plaintiff's suit against this defendant is, in fact, against him as such executor, and seeks to recover judgment on a note executed by the said D. C. Wood in the manner and under the circumstances as hereinbefore alleged, and to enforce and foreclose a deed of trust lien executed by the said D. C. Wood on real estate owned by him at the date that the note and deed of trust described in plaintiff's petition were executed; that, under and by virtue of all the facts hereinbefore alleged, this defendant respectfully represents that he should not be required to plead to this suit until after the expiration of 12 months from the date of the final order admitting the will of the said D. C. Wood to probate," and praying that said suit be abated, etc.

We think the demurrer to the plea in abatement was properly sustained. The appellant was not sued as executor of the estate of D. C. Wood, but in his individual capacity as one of the makers of the note. There was no effort on the part of plaintiff to subject any part of the estate of D. C. Wood to the payment of her claim. The land on which a lien was sought to be foreclosed had been conveyed by D. C. Wood before his death to the appellant, and constituted no part of D. C. Wood's estate, and therefore appellant as executor was in no way interested therein. Bradford v. Knowles, 86 Tex. 505, 25 S. W. 1117; Schmeltz v. Garey, 49 Tex. 49; Hanrick v. Gurley, 48 S. W. 998; Haney v. Brown, 46 S. W. 58.

[2] Appellant contends that: "The fact that appellant, laboring under a mistake of law, signed his name to the note declared on by appellee, appellant not being in any respect indebted to appellee or liable for the indebtedness for which said note was executed, would not subject appellant to any legal liability for the indebtedness evidenced by said note, and destroy the legal effect of same as a valid liability and demand against the estate of D. C. Wood, deceased." We do not think this contention, if said fact alleges a good defense to the note (and we do not think it does), could avail appellant as presented by the plea in abatement, which plea is as follows: "Now at this time comes Joshua Wood, defendant in the above styled and numbered cause, and appears herein solely for the purpose of presenting this, his plea in abatement, to plaintiff's suit and cause of action as stated in her petition filed herein on the 22d day of April, 1913." This was presented as a ground for the abatement of the suit, for which it was inefficient, and not as a ground of defense upon which to defeat liability. There was no plea to the merits of the suit, and we can only consider it in passing upon the sufficiency of the plea in abatement.

The judgment is affirmed.