## PUCEK v. KOPPA et al.

### No. 961.

Court of Civil Appeals of Texas. Waco.

Oct. 16, 1930.

Rogers & Rogers, of Marlin, for appellant.

Terry Dickens, of Marlin, for appellees.

GALLAGHER, C. J.

This suit was instituted by appellant, Frank Pucek, against appellees, William Koppa and Pete Bubella, doing business under the tradename of Rosebud Mercantile Company, to set aside a judgment theretofore rendered against him in favor of appellees, and to recover the value of property which appellees caused to be seized under process issued on such judgment. Appellant alleged that appellees instituted a suit against him in the justice court upon verified account for the sum of $62.26; that a judgment was rendered therein in favor of appellees; that appellant prosecuted an appeal from said judgment to the district court; that the verification of the account sued on was false, and that in addition thereto, appellee Bubella testified on the trial of such cause in the district court that he was present at the time of the sale of the goods sued for and that said goods were furnished to a third party at the instance and request of appellant and upon his unconditional promise to pay appellees therefor; that such testimony was false and perjured; that the court rendered judgment thereon in favor of appellees against appellant for the said sum of $62.26 and costs of suit. Appellant further alleged that appellees caused process to issue out of said court on said judgment and placed the same in the hands of the sheriff, and caused him to seize thereunder two bales of cotton of the value of $225, which appellees appropriated to their own use and benefit. He also alleged other items of actual damage, and in addition thereto sought to recover the further sum of $300 as punitive damages. Appellant copied said judgment so complained of in his petition in hæc verba, and prayed for judgment annulling the same and for the recovery of damages as alleged.

Appellees, in reply thereto, filed their plea in abatement, in which they alleged that in the identical cause set out and described in appellant's petition they were plaintiffs and appellant was defendant, and that they recovered therein judgment against appellant in the sum of $62.26 and costs of suit, as alleged by him; that said judgment remained in full force and effect and had never been reversed nor set aside.

Said plea in abatement was heard by the court. Evidence was submitted in support thereof that appellees had recovered a judgment against appellant in the justice court; that he had appealed therefrom to the district court, and that on the trial of the case in that court judgment was again rendered against appellant in favor of appellees, as alleged in the pleadings of the respective parties; that thereupon appellant filed a motion for new trial in said cause in said court, and alleged therein that said judgment so rendered against him was procured fraudulently, in

that the same was based wholly on false and perjured testimony; that the court heard evidence on such allegations and overruled said motion; and that such judgment had never been set aside or vacated. The court rendered judgment sustaining said plea, and recited therein that the court had heard the evidence and found that all matters complained of in appellant's petition had been theretofore tried, passed on, and disposed of by the court.

### Opinion.

Appellant presents an assignment of error complaining of the action of the court in sustaining appellees' plea in abatement and dismissing his suit. He contends in a proposition submitted thereunder, in substance, that he having sued to set aside the judgment complained of and for damages suffered by him by the enforcement of the same, the court should have heard the case upon its merits and rendered judgment thereon, instead of dismissing the same upon appellees' plea in abatement.

■ Appellant's suit was brought to set aside a judgment of the district court rendered at a prior term thereof, on the equitable ground that such judgment had been fraudulently recovered by appellees upon their own false and perjured testimony. Appellees' plea in abatement thereto, while deficient in failing to allege affirmatively that the issue of false and perjured testimony tendered by appellant had been heard and decided against him on motion for new trial in the court rendering such judgment, was nevertheless in the nature of a plea of res adjudicata. The general rule is that whenever the subject-matter of a defensive plea is that the plaintiff cannot maintain any suit at any time in respect of the supposed cause of action, such matter should be pleaded in bar, while that which merely defeats the present proceeding and does not show that plaintiff is forever precluded, should be pleaded in abatement. Pleas in bar, unlike pleas in abatement, offer matters which are conclusive answers or defenses to actions on the merits. Couger v. Allen (Tex. Civ. App.) 25 S.W.(2d) 666, 669; 1 Texas Juris., Page 23, § 5; Tinnin v. Weatherford, Dallam, Dig. 590, 591; Wood v. Priddy (Tex. Civ. App.) 164 S. W. 1099, 1100, par. 2; Producers' Oil Co. v. Daniels (Tex. Civ. App.) 249 S. W. 308, 309, par. 3; 1 C. J. p. 28, § 9. The issue of res adjudicata raised by appellees' plea in abatement was, if sustained by proof, a conclusive answer to appellant's petition in a trial on the merits, and was therefore a plea in bar and not in abatement. 1 C. J. p. 29, § 10, and authorities cited in note 27; Id., p. 115, § 178, and authorities cited in note 46; McCaskill v. Clay (Tex. Civ. App.) 284 S. W. 643, 647, par. 5; Eastland County v. Eberhart (Tex. Civ. App.) 272 S. W. 575, 576, par. 1. Appellant's plea in abatement being insufficient as such, the court erred in sustaining the same and dismissing the case.

■ We deem it proper, in view of another trial, to say that if the issue of the alleged falsity of the testimony upon which said judgment was recovered was presented to the court by appellant in a motion for new trial, and determined adversely to him on the hearing thereof, the order overruling such motion may be properly pleaded by appellees in bar of appellant's action. In addition to the authorities above cited, see Home Benefit Ass'n v. Boswell (Tex. Civ. App.) 268 S. W. 979, 980, par. 3, and authorities there cited; Scott v. McGlothlin (Tex. Civ. App.) 30 S.W. (2d) 511, 516, par. 3; Moore v. Moore (Tex. Civ. App.) 259 S. W. 322, 325, par. 1; Pellum v. Fleming (Tex. Civ. App.) 283 S. W. 531, 533.

The judgment of the court sustaining appellees' plea in abatement is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.