## TURMAN OIL CO. v. ROBERTS et al.
### No. 8496.

Court of Civil Appeals of Texas. Austin.
July 22, 1936.

Rehearing Denied Sept. 23, 1936.

C. E. Cooper and J. H. Parsons, both of Tulsa, Okl., and Powell, Wirtz, Rauhut & Gideon, of Austin, for appellant.

Pollard & Lawrence and Wm. S. Reeves, all of Tyler, for appellees.

BLAIR, Justice.

This litigation arose as follows: Appellee J. M. Roberts owned an interest in an oil and gas lease on a 1.6-acre tract of land in the East Texas oil field in Rusk county, and applied for a permit to drill a second well thereon, which the Railroad Commission denied on December 17, 1934. On the same date, Roberts appealed to the district court of Travis county, seeking to set aside the order as being unreasonable and unjust. On December 20, 1934, the commission, acting by and through the Attorney General, filed an answer consisting of a general demurrer and general denial; and on the same day the court, without the intervention of a jury, heard the case, set the order aside as being unjust and unreasonable, and perpetually restrained the commission from in any wise interfering with the drilling of the well and the producing and marketing of oil and gas therefrom. The judgment recited that evidence was heard, but no record was made of it, and the commission gave notice of appeal therefrom. Later, on January 26, 1935, within the same term of court at which the judgment was entered, appellant Turman Oil Company filed in said cause an equitable bill or petition, in the nature of a bill of review, complaining of J. M. Roberts, plaintiff in the cause, and the Railroad Commission and its individual members, alleging that it owned an adjacent lease situated only 359 feet from the well in question, and alleging specifically the manner in which it was interested in the controversy affected by the well; that the judgment was pro-

cured by the fraud of Roberts, in that he alleged that he owned a lease on the 1.6-acre tract; that adjoining his lease to the west was another lease of like area owned by A. D. Roberts; that A. D. Roberts had drilled two wells on such lease; and that therefore J. M. Roberts was entitled to drill a second well upon his lease to protect same from drainage by A. D. Robert's lease. That these allegations were untrue, and that in fact appellee J. M. Roberts, A. D. Roberts, L. E. Roberts, and M. E. Roberts each owned an undivided one-fourth interest in the two tracts specifically referred to, and two other tracts which they owned and operated and had owned and operated for more than a year as one single 6.8-acre lease, and on which they had already procured five wells. It was further alleged that Roberts made similar representations to the court, thus causing it to appear that appellant's property did not adjoin his 1.6-acre tract; and that as a consequence of such fraud no notice was given to appellant of the application for the permit to drill the well, and he was not made a party and had no notice of the filing of the suit to set aside the order of the commission denying the permit. That the same day the commission denied the permit Roberts filed his petition to set aside the order; and three days later the Attorney General filed an answer on behalf of the Railroad Commission, and on that same date judgment was entered after a short hearing in the judge's office; and that the whole method of handling the application and suit was obviously designed to prevent the interested adjoining leaseholders from knowing anything about it, and to prevent the court from knowing the true facts.

In answer, the Attorney General filed for the Railroad Commission a general denial and general demurrer. Appellee Roberts filed a plea in abatement, urging that appellant oil company was not a party to said action; that it was not a necessary party to the action; and that no party entitled to a review of the judgment was petitioning therefor. Without the introduction of any testimony, the trial court sustained the plea in abatement and dismissed the equitable petition, in the nature of a bill of review, filed by appellant Turman Oil Company in said cause of J. M. Roberts v. Railroad Commission of Texas et al.; hence this appeal.

We have reached the conclusion that the trial court erred in sustaining the plea in abatement on the grounds urged, that is, that appellant oil company was not a party to said suit and judgment, and was not a necessary party to the same, and was therefore not a party entitled to review the judgment because of the fraud alleged. It may be conceded that the contention of Roberts and the Railroad Commission that a stranger to a judgment cannot invoke the jurisdiction of the court to set it aside; but that is not the rule applicable in the instant case. That rule is controlled by a well-settled exception that a direct attack may be made upon a judgment by one not a party thereto, where such judgment was procured by fraud and materially affects the interest of the person making the attack. Overton v. Blum, 50 Tex. 417; McMurray v. McMurray, 67 Tex. 665, 4 S.W. 357; Vacuum Oil Co. v. Liberty Refining Co. (Tex.Civ.App.) 251 S.W. 321. The reason for this exception to the general rule is as apparent as the reason for the rule itself, because where a judgment affects materially and adversely the interest of third parties who were not necessary parties to the judgment, the very basis for the general rule disappears. It is true, as held by this court in the case of Magnolia Petroleum Company v. Edgar, 62 S.W.(2d) 359, that a stranger to a judgment cannot collaterally attack the judgment. But it does not follow that appellant, a proper party to the suit in question, may not maintain an equitable proceeding to review the fraud practiced upon the commission and upon the court by appellee in filing his application in the manner in which he did and in alleging, and obtaining the judgment of the court upon, false and untrue testimony. Nor in such case does it make any difference whether the application for the relief is denominated a bill of review or a petition in equity for a new trial, with a right to intervene and set up a meritorious defense in the suit, where the judgment was obtained by fraud. The application seeking the relief, whether made before or after the term, is addressed to the same court, having cognizance of both legal and equitable causes; and there can be no reason why it should not be governed by the same principles in the one case as the other, excepting that, as the rule of law requires that the application

for relief be made during the term at which the fraudulent judgment has been rendered, and if this has not been done, the party must show an equitable excuse to entitle him to a hearing of his application after the term. Such has been the holding of our courts since the earliest decisions. Vardeman v. Edwards, 21 Tex. 737; Seguin v. Maverick, 24 Tex. 526, 76 Am.Dec. 117.

In sustaining the plea in abatement without the hearing of any evidence thereon, the action of the trial court was tantamount to sustaining a general demurrer to a petition, so that the facts alleged must be accepted as true. Under the facts alleged in appellant's equitable petition or bill of review, it was clearly shown that the well in controversy was not authorized, either if it be considered as an additional well on the 6.8-acre tract owned by the Robertses, or on the 1.6-acre tract, if it be regarded as the separate tract of appellant Roberts, because the wells already drilled either on the 6.8-acre tract or on the 1.6-acre tract were sufficient to recover all of the oil to which the owners of the leases were entitled. This court has held in numerous cases that before the Railroad Commission may grant a permit to drill a well as an exception to the spacing requirements, notice and hearing thereof shall be given to the adjacent leaseholders. Humble Oil & Refining Co. v. Railroad Commission (Tex.Civ.App.) · 68 S.W.(2d) 622; Brown v. Humble Oil & Refining Co. (Tex.Sup.) 83 S.W.(2d) 935, 99 A.L.R. 1107. Appellant had no notice of the application for the permit in the instant case.

It is also undisputed that if the Railroad Commission in the instant case had granted the permit, then there could be no question under the statutes and decisions of this court that appellant as an adjacent leaseholder is an interested party, and would have been entitled to appeal from the order of the commission granting such exception. And while the commission actually refused the permit in the instant case, the situation presented after the appeal to the court here under the facts alleged in the bill of review is the same as if the commission had granted the permit, in so far as affects appellant's rights as an adjacent leaseholder. This is because that when the suit was filed the commission merely formally protested by filing a general denial and general demurrer; and the case was heard in chambers of the trial court, the evidence not being reduced to writing; and under such circumstances the judgment must be declared to be one of assent or consent on the part of the Railroad Commission. This action resulted in the same injury to appellant as if a permit had been granted by the commission authorizing appellee to drill the well.

While it is true that this court held in Magnolia Petroleum Co. v. Edgar, supra, that the Railroad Commission is the only necessary party defendant to an appeal from an order of the Railroad Commission denying a permit, and that as such defendant the commission acts not only in the public interest but also in behalf of adjoining leaseholders, we have held in numerous other cases that adjoining leaseholders are proper parties to such suit and may intervene and represent themselves therein, and would certainly be interested in a judgment fraudulently obtained, which adversely affects their adjoining leases. Under no possible theory of law could the action of the commission, in refusing to defend its orders in a suit where it is the only necessary party, be used as a shield for a fraudulent judgment which materially and adversely affects adjoining leaseholders, whom the statute itself declares to be interested parties in the administration of the spacing rule. Nor do we think that such an adjacent leaseholder can be deprived of his right to protect his own interest, when the commission has been fraudulently imposed upon, or has permitted an improper judgment to be entered against it, which materially affects adjacent lease owners. Manifestly, if appellee had not in his application to the commission fraudulently misrepresented the ownership of the property surrounding the well in controversy, with the result that appellant received no notice of the application for the permit, or if appellee had not fraudulently misrepresented the facts to the court, or if there had been in fact a trial of the cause upon the true facts, then the judgment of the trial court would not have set aside the order of the commission denying the permit, but would have sustained the action of the commission thereon. Appellant received no notice of the application for permit because of appellee's fraud, and was de-

prived even of notice of the action of the commission, and was deprived of its right of intervening in the suit and of defending its rights, which it no doubt would have done had it received notice of the application for the permit.

The judgment of the trial court is reversed, and the cause is remanded, with instructions to reinstate the equitable petition, in the nature of a bill of review, and for trial upon its merits.

Reversed and remanded, with instructions.