William Byrd TAYLOR, Appellant,

v.

UNITED ASSOCIATION . OF JOURNEYMEN AND APPRENTICES OF the PLUMBING AND PIPE FITTING INDUSTRY OF the UNITED STATES AND CANADA et al., Appellees.

No. 16118.

Court of Civil Appeals of Texas.

Fort Worth.

June 17, 1960.

Rehearing Denied July 15, 1960.

**422**

Fritz & Vinson, Edward ·C. Fritz, and Harvey L. Davis, Dallas, for appellant.

Mullinax, Wells, Morris & Mauzy, and L. N. D. Wells, Jr., Dallas, for appellees.

FRANK A. MASSEY, Chief Justice.

Plaintiff William Byrd Taylor brought suit in District Court against defendants United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, and its local Union subsidiary. Suit was for both equitable relief and at law for damages, actions being premised upon the contention that his suspension as a member in said Unions and his subsequent expulsion was wrongful, illegal and void as the result of a demand upon him, as a prerequisite to receipt of his tendered delinquent dues, of the sum of $2 as an "assessment" made upon the general membership of either the local or the national Union, and which "assessment" plaintiff had refused to pay, upon contention made by him that the same was "a void & illegal political assessment."

A pre-trial was ordered and held. At said time the defendant Unions had for presentation their pleas in abatement, motions to dismiss, and special exceptions. Following consideration thereof upon pre-trial, the court held its decision in abeyance, but later informed all parties by letter that he had decided to sustain the defendant Unions' pleas and motions to dismiss, and would dismiss the case. Plaintiff requested leave to amend but tendered no amended pleadings and the trial court denied leave so requested, granting though qualifying a bill of exceptions upon the matter. Plaintiff's appeal was perfected.

Judgment affirmed in so far as plaintiff's suit is for equitable relief of reinstatement. Judgment reversed and remanded for trial of plaintiff's suit in so far as it is a suit for damages.

From our review of the authorities since Screwmen's Ben. Ass'n v. Benson, 1890, 76 Tex. 552, 13 S.W. 379, it seems that one of the decisions which most fully and clearly states the existing Texas rule is St. Louis S. W. Ry. Co. of Texas v. Thompson, 1908, 102 Tex. 89, 113 S.W. 144. It seems that if an expelled member of an association

such as a labor Union shall proceed and exhaust all the internal remedies constitutionally provided to be exhausted in his procedure to obtain reinstatement, and his expulsion is upheld, then the Union action would be final and reversible in any subsequent appeal to the courts only in the event of the absence of jurisdiction of the Union, illegality of its action, absence of good faith on its part, etc. In such a case, where the final Union action was an approval or confirmation of the expulsion, the member expelled could not recover in his subsequent suit for damages in view of such "final" and "proper" action on the part of the Union taken pursuant to procedure contracted upon by the parties in the Union constitution. Such would amount to *res judicata* of the issue made upon the question of whether the expulsion was wrongful.

Not so, however (under authority of the same case), if the expelled member "abandoned" proceedings to restore himself to membership in the Union and accepted the status of an expelled member. In such a case, the proceedings within the appellate framework of the Union would not be completed or exhausted and by reason thereof would not be *res judicata* of the issue made upon the question of whether the expulsion was wrongful, and the expelled member might be able to successfully maintain and prosecute a suit at law for damages in the courts of this State premised upon a complaint that his expulsion was illegal, void, or otherwise wrongful. In such suit a finding made that his expulsion was improper would be the first "final" decision thereupon, and his right to damages, if any he had sustained, would be established. His remedy, or the degree thereof, would be afforded through the supplemental finding as to the amount of damages he had sustained, the judgment awarding the same to him, and the machinery of our system for carrying such a judgment into effect.

Such an expelled member's right to "abandon" proceedings for reinstatement within the Union and proceed by way of a suit for damages in the State courts could not be said to have been abridged *except by consent of the member*. If such right was abridged such fact would be ordinarily ascertainable through a reference to the constitution of the Union which was the member's basic contract. If it be uncertain as to whether or not the member had specifically contracted *not to resort to a suit at law for damages* until there had been a compliance by him with a condition precedent, such as or similar to those controlling in proceedings within the Union for reinstatement, the legal construction would be in favor of the expelled member's right to maintain and prosecute his suit at law for damages. Smith v. International Printing Pressman & Assistants' Union of North America, Tex.Civ.App., Dallas 1945, 190 S.W.2d 769, 774. The Supreme Court granted a writ in this case and affirmed the Dallas Court's decision that the trial court should have entered judgment for the plaintiff in the case instead of rendering judgment non obstante veredicto for the defendant Union, but "rendered" judgment for the plaintiff in holding erroneous the Court of Civil Appeals' judgment of "remand". 145 Tex. 399, 198 S.W.2d 729.

In the Smith case, 190 S.W.2d 769, 779, the Union constitution provided: " ' * * * it is obligatory for such member to exhaust all remedies provided by the constitution and by-laws of this union before resorting to a court of law or equity.' " In the instant case, the Union constitution provides: "No * * * member * * * shall resort to court proceedings of any description, in any manner pertaining to this organization or its Local Unions, or his membership, * * * until all remedies provided for within the * * Constitution have been fully exhausted." A statement observed in the case of Local Lodge No. 104 of International Brotherhood of Boiler Makers, etc. v. International Brotherhood of Boiler Makers, etc., 1930, 158 Wash. 480, 291 P. 328, 330, seems apropos, to wit: "It is also true that the

rule which requires members of voluntary associations to exhaust their remedies within the order, before applying to the courts for relief, applies primarily to controversies concerning matters of internal discipline, and not to disputes over money or tangible property, and that in the latter class of cases the right to resort to the courts should be held to be waived only by an express agreement to submit such controversies to some specified method of arbitration."

In the instant case, the constitution which was the contract between the parties plaintiff and defendant contained no language any more susceptible to the construction that the plaintiff had contracted *not to resort to the courts in a suit at law* than the language of the constitution under consideration in the case of Smith v. International Printing P. & A. Union, supra, and was silent as to any agreement to submit to any specified method of arbitration if and in the event a controversy should arise over his entitlement to "damages" accrued to a member because of his wrongful suspension or expulsion.

■ It apparently would follow from what we have said that the plaintiff should have been permitted to maintain and prosecute his suit for damages against the defendant Unions, although we agree with the trial court that his suit for reinstatement is to be abated and dismissed as having been "abandoned" because of his failure to prosecute his case for reinstatement within the Unions according to the Union constitution. By the plaintiff's pleadings the basis of his suit for damages flowing from wrongful expulsion from membership was the contention that such expulsion followed and was occasioned by his refusal to pay "a void & illegal political assessment" of $2 demanded of him before the defendant Unions would accept his tendered "back dues". Sections of the Union constitution provide that when a member shall become in arrears in the payment of "dues" more than three months he shall be automatically suspended from mem-

bership in the Union and that as a condition of reinstatement to membership he shall pay all amounts due by him together with a $1 reinstatement fee, and that "National and Local assessments, disciplinary assessments and loans are payable before dues." Plaintiff tendered all but the $2, which was either a national or a local assessment, but refrained from tendering the amount of the assessment on the ground, according to his pleadings, that it was "a void & illegal political assessment." The Secretary of the local Union refused to accept the tender made because the aforesaid $2 was not paid or tendered.

Subsequently, plaintiff requested a hearing on his suspension (or refusal to accept tender and reinstate him to membership) but was met with a refusal on the part of the local Union officials to entertain further action upon the matter. Plaintiff then demanded that his suspension be brought before the entire membership of the local body, there to be voted upon, but this the aforementioned parties refused to do. Plaintiff took no subsequent action. He did not appeal from the action of the local Union upon the assessment or upon his suspension to the General Executive Board of the parent national Union, although appropriate procedure by way of appeal to said Board was provided by the constitution. About three months later plaintiff was notified by the defendant local Union that he was expelled for nonpayment of dues for a period of longer than a year. He took no action of any kind, although provision of the constitution afforded adequate opportunity to do so. All this has been admitted by the plaintiff in the record before us, foreclosing attachment of trial court jurisdiction upon his equitable cause of action for reinstatement.

Nevertheless, if plaintiff was illegally or wrongfully suspended from membership or wrongfully expelled from membership and sustained damages by reason thereof he would be entitled to maintain and prosecute his suit at law because thereof under proper allegations. There is no doubt that

his pleadings regarding the demand of him of "a void & illegal assessment" which he refused to pay is subject to special exception, but it would have constituted allegation sufficient to entitle him to a trial absent exception. It may be that plaintiff cannot amend his pleadings, supportable by available proof, to allege an actual illegality in the assessment. That cannot be presently determined. In the event his pleadings be amended so as to state substantially the same grounds so sufficiently that the allegations would not be subject to exception, the legal sufficiency of such evidence as lies within his power to produce in substantiation could very likely be resolved under available summary judgment proceedings.

The judgment in the trial court was upon a plea in abatement and a "motion to dismiss", all presented as a part of a pre-trial hearing, and the latter motion actually amounting to the plea in bar of *res judicata*. There was no evidence presented at said pre-trial hearing.

 The plea in abatement is a dilatory plea, sustainable without proof only when the court can see from the plaintiff's pleading that it is well taken. The burden is upon the defendant to establish by a preponderance of the evidence the fact propositions which demonstrate that the asserted ground exists at the time the plea is heard. A defendant who merely presents his plea in abatement without supporting it by evidence waives the plea unless he can demonstrate that the plaintiff's petition itself establishes the ground urged in his plea. McDonald, Texas Civil Practice, p. 873, "Pre-trial Procedures", sec. 10.13, "—B. Disposition of Dilatory Pleas." Under note 48.5 under the section the author cites the case of Wilburn v. Missouri-Kansas-Texas R. Co. of Texas, Tex.Civ.App., Dallas 1954, 268 S.W.2d 726, to the effect that the sustaining of a plea in abatement under such circumstances is equivalent to sustaining a general demurrer and the case pleaded must be viewed in the

aspect most favorable to the plaintiff. To the same effect is Turman Oil Co. v. Roberts, Tex.Civ.App., Austin 1936, 96 S.W.2d 724, error refused. This means that for the sake of testing the plea in abatement we must assume that the $2 in question was a demonstrable "void & illegal assessment", as, for example, in an instance where it was to enable the Unions to make a financial contribution to a political party or to a person running for political office as a part of his campaign expenses. Such a financial contribution by a labor union has been defined by statute as an unlawful act.[1] Vernon's Ann.Texas Civ.St. Art. 5154a, "Labor unions, regulation of", Sec. 4b, "Political contributions prohibited". The plea in abatement as applied to the suit for damages should have been overruled.

Defendant Unions contend that the trial court was entitled to consider "admissions" made by plaintiff upon the occasion of the pre-trial and mentioned in the court's judgment, " * * * and the Court having fully considered the pleadings, arguments, *admissions* and briefs, and it appearing to the Court that defendants' pleas in abatement and motions to dismiss and all matters presented thereunder are well taken and should be in all things sustained; * * *." (Emphasis supplied.) Under Texas Rules of Civil Procedure, rule 166, "Pre-Trial Procedure; Formulating Issues", it is provided that upon a resort to pre-trial the "court shall make an order which recites the action taken at the pretrial conference, * * * and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial *to those not disposed of by admissions or agreements of counsel;* * * *." (Emphasis supplied.)

The record reaches us without any order so made by the trial court and with a judgment which does not recite that plaintiff had opportunity to amend but failed and refused to do so. It reaches us with the plaintiff's bill of exceptions to the trial court's denial of leave to amend. In view of our conclusion that the defect in plain-

tiff's pleading was other than one of substance, he had a mandatory right to amend before his case could be dismissed. 15–A Tex.Jur., p. 380, "Dismissal, Discontinuance, Etc.", sec. 37 "Defective Pleadings". The court's qualification of the bill makes it plain that the plaintiff never tendered any amendment he desired leave to file, but clearly states that theretofore the court had already advised counsel for both sides that he had decided to dismiss plaintiff's cause of action. Obviously, the trial court considered T.R.C.P. 63 applicable and that since no amendment was ever tendered for filing he was not required to grant leave to amend. Said rule does not, in our opinion, have any relation to an offer to amend or request for leave to amend where the court has announced his intention to dismiss a cause of action, or where a cause of action is to be dismissed upon a failure or refusal to amend in order to meet exceptions. The objective of the rule is clearly distinguishable.

Furthermore, in view of the total absence of any order of the trial court which recites that plaintiff *admitted* upon the pretrial hearing that the $2 "assessment" was valid and proper, or *admitted* that it was for a purpose which the court could hold to be valid and proper as a matter of law, we must limit our consideration of plaintiff's case to the record which is before us, unaided by a "presumed" admission which, it must be conceded, might have in fact been made at the pre-trial hearing. Hall v. Gargaro, 1945, 310 Mich. 693, 17 N.W. 2d 795. For an example of a "political assessment" which was held valid and proper, see De Mille v. American Federation of Radio Artists, 1947, 31 Cal.2d 139, 187 P. 2d 769, 175 A.L.R. 382, certiorari denied 1947, 333 U.S. 876, 68 S.Ct. 906, 92 L.Ed. 1152.

■ Considering the matter advanced on pre-trial by the defendant Unions as *res judicata* of the question of whether the plaintiff's expulsion was wrongful, it is necessarily contended that the question had been determined adversely to plaintiff and as a fair labor practice or action by defendant Unions in certain proceedings accomplished under the National Labor Relations Act—Labor Management Relations Act, to be found in 29 U.S.C.A. §§ 141 et seq., 151 et seq. Examples of such proceedings, although the determinations made were in favor of plaintiffs, are: National Labor Relations Board v. International Ass'n, 9 Cir., 1953, 203 F.2d 173; National Labor Relations Board v. Local 3, Bloomingdale, District 65, etc., 2 Cir., 1954, 216 F.2d 285; National Labor Relations Board v. Pape Broadcasting Co., 5 Cir., 1954, 217 F.2d 197; National Labor Relations Board v. Bakery & Confectionery Workers' Intern. Union of America Local 12, A.F.L.–C.I.O., 3 Cir., 1957, 245 F.2d 211. It is true that in 1957, more than one year after plaintiff's expulsion from the Unions, he filed a complaint against them in connection with certain of its actions which allegedly operated to deny him employment on a certain job upon which he was qualified to work. However, our conclusion from a review of the proceedings is that the premise of the complaint made under the Federal Acts would in no way be distinguishable from one wherein the complaining party had never been a member of the Unions, or where it was admitted that he was no longer a member thereof. There was no issue presented or resolved pursuant to the proceedings before the National Labor Relations Board relative to whether the plaintiff had or had not been wrongfully suspended or expelled from membership in said Unions. It could not be said that plaintiff had "elected" to seek the same relief in another forum on said prior occasion and by the instant suit was attempting to obtain "two bites at the cherry". The pleas in bar under the theory that the question was *res judicata* should have been overruled.

That part of the trial court's judgment which abated and dismissed plaintiff's suit for reinstatement in the defendant Unions is affirmed. That part of the trial court's

judgment which abated and dismissed plaintiff's suit for damages for wrongful suspension and expulsion from membership in defendant Unions is reversed and the cause remanded to the trial court.