**METALAB EQUIPMENT COMPANY,**
Appellant,

v.

**SPRING BRANCH INDEPENDENT SCHOOL DISTRICT,** Appellee.

No. 14312.

Court of Civil Appeals of Texas.

Houston.

April 2, 1964.

Rehearing Denied April 30, 1964.

**348**

William W. Byrd, Houston, for appellant.

Ernest A. Knipp, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment sustaining a plea in abatement and dismissing this cause. Appellant sued for the balance due on the contract price of certain laboratory equipment. Appellee's plea in abatement was based on the lack of jurisdiction of the trial court to hear the case by reason of the failure of appellant's petition to allege, or otherwise show, that appellant had requested a hearing on the claim before the Board of Trustees of the School District and had prosecuted an appeal to the proper school authorities.

■ In Jud v. City of San Antonio, 143 Tex. 303, 184 S.W.2d 821, the Supreme Court of Texas held:

"It is familiar law that jurisdiction is the power to hear and determine a controversy, which, of course, includes the power to decide whether or not a pleading filed in the court is sufficient to state a cause of action as against the exceptions filed thereto. Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641; Texas Employers' Ins. Ass'n v. Ezell, Tex.Com.App., 14 S.W.2d 1018; 11 Tex.Jur. p. 711 et seq., Sec. 9.

"By Texas Rule of Civil Procedure, No. 90, it is provided that a general demurrer shall not be used. To dismiss a plaintiff's case upon sustaining a plea to the jurisdiction on the ground that his petition is insufficient to state a cause of action when he is praying for judgment for an amount within the jurisdiction of the Court, is even a more summary proceeding than to sustain a general demurrer. This is true for the reason that, upon sustaining a demurrer the Court does not dismiss the case until the plaintiff has been afforded an opportunity to amend, whereas, upon sustaining such plea the plaintiff is not afforded that opportunity.

"* * *

"The defendants press the argument with much force that plaintiff has alleged no character of cause of action whatever. Should it be granted that they are correct, and further that plaintiff will be unable so to amend his petition, in the light of the true facts, as to state a cause of action, it does not follow that the case should be affirmed. The trial court has ruled that it has no jurisdiction to consider the case at all, not even the exceptions to the petition, and that is the ruling under review here. We are not in accord with that ruling and that is the only question which we are authorized to decide."

While Jud v. City of San Antonio seems to be decisive of the precise question presented by this appeal, the case must be reversed for an additional reason.

 In Cook v. Neill, 352 S.W.2d 258, the Supreme Court of Texas reaffirmed the rule that in matters pertaining to the administration of school laws involving only questions of law, it is not necessary to exhaust administrative appeals before resorting to the courts. Both parties to this appeal represent to the Court that the matters involved in this litigation pertain to the administration of school laws. The exclusive prior jurisdiction of the school authorities pertain only to such matters as are by law placed under their jurisdiction. Groce v. P. B. Yates Mach. Co., Tex.Com. App., 288 S.W. 161; McIntyre v. Hoblinski, Tex.Civ.App., 333 S.W.2d 697.

Since no evidence was presented at the hearing on the plea in abatement, appellant's petition must be presumed to state the facts pled correctly and it must be construed in the light most favorable to appellant. Taylor v. United Ass'n of J. and A. of Plumbing, etc., Tex.Civ.App., 337 S.W.2d 421, ref., n. r. e.; Turman Oil Co. v. Roberts, Tex.Civ.App., 96 S.W.2d 724, writ ref.

It is clear that if only questions of law are present in this case and there are no disputed issues of material fact, it is not necessary to allege that administrative appeals have been exhausted. Appellee's plea in abatement on the sole ground of the lack of such an allegation is, therefore, insufficient as a matter of law since appellant's petition does not negative the possibility that the material facts in the case will be undisputed and that only issues of law will be presented for the determination of the trial court. A cause of action within the potential jurisdiction of the trial court was alleged.

The judgment of the trial court is reversed and the cause is remanded.