**LIBERTY MUTUAL INSURANCE COMPANY for Danill E. Migura, Jr., Appellant,**

v.

**CITY OF FORT WORTH, Appellee.**

No. 17629.

Court of Civil Appeals of Texas, Fort Worth.

June 13, 1975.

Rehearing Denied July 11, 1975.

Richard B. Ouer, Dallas, for appellant.

S. G. Johndroe, Jr., City Atty., and Wallace T. Keller, Asst. City Atty., Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is a suit brought by appellant, Liberty Mutual Insurance Company, by way of subrogation under the name of its insured, Danill E. Migura, Jr., to recover for its payment to Migura for property damage to his vehicle. Migura will be referred to as plaintiff and the City of Fort Worth will be referred to as defendant.

Plaintiff was unable to obtain service on some of the defendants, the cause of action as to another defendant was dismissed, and plaintiff has abandoned his suit against all defendants except the City of Fort Worth.

This Court has heretofore held that this is an appealable judgment. Liberty Mutual Insurance Company for Danill E. Migura, Jr. v. City of Fort Worth, 517 S.W.2d 646 (1975).

Plaintiff alleged the damages to be an amount within the jurisdiction of the trial court. The petition did not mention the Charter of the City of Fort Worth and was silent as to whether or not there were any charter provisions applicable and whether or not those provisions had been complied with prior to the filing of the suit. The petition on its face showed that the trial court had jurisdiction of the amount in controversy, the subject matter of the suit, and defendant by filing its answer, submitted itself to the jurisdiction of the Court.

The City of Fort Worth filed an instrument entitled, "Plea to the Jurisdiction", in which instrument the City set forth its charter provision which provided if a person has a claim against the City for personal injury or injury to or destruction of property then such claimant must file under oath notice and claim with the City within 60 days of the happening of such event. In such pleading the City alleged that this charter provision was not complied with and that therefore, ". . . plaintiff's suit be abated and dismissed with prejudice . . . ." The plea was verified by the City Secretary and was supported by an affidavit from the City Secretary to the effect that his records did not reflect any such claim having been filed and a certificate that the attached document was a true copy of the official charter of the City of Fort Worth.

A hearing was held on the plea to the jurisdiction or abatement. The court, after

considering the plea, the affidavit, and document attached to the plea, then announced that the Court was sustaining the plea and dismissing the case. Before judgment was signed plaintiff filed a supplemental petition pleading that the City was estopped from asserting this provision of the Charter because the City had taken such action on the claim that amounted to an estoppel. After such pleading was filed the court then signed the judgment dismissing this cause of action and sustaining the plea to the jurisdiction and abatement.

We reverse and remand.

The plea to the jurisdiction and abatement has some of the elements of a general demurrer, a speaking demurrer, a motion for summary judgment, and plea in bar.

■ Where the plaintiff alleges a cause of action for damages to property in an amount that is within the jurisdiction of the court where the case is filed, usually, the burden of proof is upon the defendant to prove its plea to the jurisdiction and also to prove the allegations in its plea in bar. A plea to the jurisdiction is inappropriate where the claim is that the petition fails to state a mature cause of action because it does not allege the satisfaction of claimed conditions precedent. 2 McDonald Texas Civil Practice (1970 Ed.), "Pleading: Answer," Sec. 7.07–D., "Pleas to the Jurisdiction," pp. 177–178.

Jud v. City of San Antonio, 143 Tex. 303, 184 S.W.2d 821 (1945) is a suit for declaratory judgment to set aside pension board's order denying plaintiff a pension. The defendant filed a plea to the jurisdiction, a hearing was held, evidence introduced, then the court sustained a plea to the jurisdiction. The Court held as follows: "By Texas Rule of Civil Procedure, No. 90, it is provided that a general demurrer shall not be used. To dismiss a plaintiff's case upon sustaining a plea to the jurisdiction on the ground that his petition is insufficient to state a cause of action when he is praying for judgment for an amount within the

jurisdiction of the Court, is even a more summary proceeding than to sustain a general demurrer. This is true for the reason that, upon sustaining a demurrer the Court does not dismiss the case until the plaintiff has been afforded an opportunity to amend, whereas, upon sustaining such plea the plaintiff is not afforded that opportunity."

The court further held that this type of defense is not to be determined by a motion in limine. The effect of the trial court's ruling was that the court had no jurisdiction to consider the case at all and not even exceptions to the pleadings.

The courts have generally held that a party should be afforded an opportunity to amend his pleadings. Ragsdale v. Ragsdale, 520 S.W.2d 839 (Fort Worth Civ.App., 1975, no writ hist.).

In the case of Metalab Equipment Co. v. Spring Branch Ind. Sch. Dist., 378 S.W.2d 347 (Tex.Civ.App.—Houston, 1964, writ ref., n. r. e.), reversed with per curiam opinion 381 S.W.2d 48 (Tex.Sup., 1964), the Court of Civil Appeals had before it a case in which the trial court had sustained the School District's plea in abatement and plea to the jurisdiction by reason of the failure of plaintiff's petition to allege that he had requested a hearing before the Board of Trustees. That court stated as follows: "Since no evidence was presented at the hearing on the plea in abatement, appellant's petition must be presumed to state the facts pled correctly and it must be construed in the light most favorable to appellant. Taylor v. United Ass'n of J. and A. of Plumbing, etc., Tex.Civ.App., 337 S.W.2d 421, ref. n. r. e.; Turman Oil Co. v. Roberts, Tex.Civ.App., 96 S.W.2d 724, writ ref."

■ If such pleadings be construed as a plea in abatement then the applicable law is well stated in 1 Tex.Jur.2d (1959 Ed.), "Abatement and Revival," Sec. 94, "Necessity of Proof," p. 104, as follows: "The burden of proof is on the party presenting a plea in abatement to sustain his plea by

competent evidence. The mere averment of facts, set up in the plea, not supported by proof is insufficient unless the truth of the matters alleged appears from the plaintiff's petition. Thus, where the plaintiff's petition alleges facts that show that jurisdiction is in the court where the suit is commenced, the burden is on the defendant who alleges in abatement that the court is without jurisdiction to show facts that negative jurisdiction." See also State of Texas ex rel. City of Colleyville v. City of Hurst, 519 S.W.2d 698 (Fort Worth Civ.App., 1975, application pending).

■ If such plea be considered as a motion for summary judgment then same does not meet the requirements of Rule 166–A, Texas Rules of Civil Procedure. No notice was given to the plaintiff prior to the hearing that this proceeding was in the nature of a summary judgment so that he could be prepared to file summary judgment evidence prior to the hearing. If said motion could be construed as a motion for summary judgment then same is an attempt to obtain a summary judgment upon the inadequacy of plaintiff's pleadings. Under the facts in this case summary judgment could not be granted upon the inadequacy of plaintiff's pleadings. Swilley v. Hughes, infra.

■ Defendant asserts that it cannot waive its charter provision and cannot by its conduct be estopped from asserting the defense contained in the above charter provisions. We overrule this contention.

In the case of Cawthorn v. City of Houston, 231 S.W. 701 (Tex.Com.App., 1921) that court in passing upon this precise question where the charter provided for a 90-day notice as a condition precedent to the right of filing such a suit, in an opinion adopted by the Supreme Court, stated as follows: ". . . But they are not prohibited from waiving it during the 90 days' period. The charter does not prohibit a waiver at any time. If the mayor and commissioners are willing to investigate a given case themselves, and attempt to compromise the same during the 90 days period, we see no reason why they should not be permitted to do so. The provision is solely for their convenience. We think they can waive strict compliance with this provision. A waiver, in law, is the voluntary relinquishment of a known right, and if, under the facts, a jury can say that the mayor and commissioners intended to waive strict compliance with this provision, such compliance would not be necessary as a condition precedent to the maintenance of this suit for damages. The question of waiver is ordinarily one for a jury, where intention of the parties is not clear. For a case in point, and a charge approved, see Railway Co. v. Hendricks, 49 Tex.Civ.App. 314, 108 S.W. 747, in which a writ of error was denied by the Supreme Court.

" . . .

"The Court of Civil Appeals say that it certainly cannot be held that one commissioner can waive this provision. That is not the point. Cawthorn alleges that Commissioner Drennan was authorized by the mayor and his colleagues to approach the claimant and offer him a compromise and invite him to their office to discuss it. The mayor and other commissioners could authorize Drennan to act for them. If he was their agent, they were all bound. It follows from what has been said that we think the Court of Civil Appeals erred in its various holdings relative to the question of waiver.

"Again, the doctrine of estoppel applies to this case, in our opinion. No matter whether the mayor and commissioners intended to waive strict compliance with the charter provisions or not, we think the evidence raises the issue of estoppel." See also City of Denison v. Fulce, 437 S.W.2d 277 (Texarkana Civ.App., 1969, ref., n. r. e.); City of El Paso v. Parish, 293 S.W.2d 201 (El Paso Civ.App., 1956, ref. n. r. e.).

In the case of Smith v. City of Dallas, 404 S.W.2d 839 (Dallas Civ.App., 1966, no writ hist.; second appeal 425 S.W.2d 467) a plea

in abatement was filed praying that the suit be abated, barred, and dismissed because of appellant's failure to give the written notice required by the charter of the City of Dallas, which is very similar to the provisions here involved. The trial court held a preliminary hearing on the plea, heard no testimony, sustained the plea and dismissed the suit. The court held as follows:

"Regardless of the label placed thereon by the pleader, the plea was actually one in bar rather than in abatement. It sought a ruling that appellants, not having alleged compliance with the charter provision, and being unable ever to prove compliance, could never recover. 1 Tex.Jur.2d, Abatement And Revival, § 4, p. 20; Couger v. Allen, Tex.Civ.App., 25 S.W.2d 666, no wr. hist.; Pucek v. Koppa, Tex.Civ.App., 32 S.W.2d 248, no wr. hist. *As such, it should not have been disposed of on the pleadings, affidavits, certified copies of ordinances and arguments of counsel unless this manner of disposition had been previously agreed to by the parties.* As said by Mr. Justice Garwood, speaking for the Supreme Court in Kelley v. Bluff Creek Oil Co., 158 Tex. 180, 309 S.W.2d 208, 214:

" ' * * * defenses "in bar" are not the proper subject matter of disposition on mere preliminary hearing before the court like pleas in abatement, although a speedy and final judgment may be obtained on the basis of matters in bar and without the formality of a trial on the merits, if the parties so agree or if recourse is had to the process of summary judgment where contested fact issues are not present. The practice of misnaming a plea in bar in order to procure a preliminary trial as if the plea were one in abatement is confusing and not to be encouraged.'

"In City of Denton v. White, Tex.Civ. App., 179 S.W.2d 834, wr. ref. w. m., the Fort Worth Court of Civil Appeals had before it a quite similar situation to that shown here. The City of Denton filed what

it called a 'plea in abatement,' setting up the failure to give the required notice. As in the case at bar, the claimant White had alleged certain facts to relieve him from the consequences of his failure to give notice. The trial court overruled the 'plea in abatement,' then went fully into the matter upon the jury trial, and issues touching the matter were submitted to the jury and answered favorably to White. The Court of Civil Appeals said: 'It seems to us that the matter set up in the plea in abatement was not a matter in abatement, but was rather a matter in bar, which properly was determined upon the trial on the merits.' " (Emphasis ours.)

See also 40 Tex.Jur.2d 351 (1962 Ed.), "Municipal Corporations," Sec. 656, "Claims Against Municipality—Waiver and estoppel." See: 82 A.L.R. 749; 153 A.L.R. 329; 65 A.L.R.2d 1278.

The defendant relies in part upon the authorities of the City of Brownsville v. Galvan, 162 S.W.2d 98 (Tex.Com.App., 1942). In that case the plaintiff filed an amended pleading alleging estoppel and waiver of a notice provision in the City charter similar to the one here under consideration. The City filed a motion to strike the petition and dismiss the case. The court held that, "The motion to strike was, in effect, but another form of a general demurrer.

" . . .

" ' * * * In brief, the Court's action had the effect of sustaining a general demurrer to Appellant's Second Amended Original Petition. Appellant refusing to amend for the obvious reason that no truthful amendment could be made to bring him within the purview of the Court's and Charter requirements, the Court dismissed this action; * * *.' "

This case was obviously heard in the trial court prior to the adoption of Rule 90, T.R. C.P., which abolished the general demurrer

practice. Therefore, this case is no authority for sustaining the plea to the jurisdiction since the adoption of Rule 90.

The defendant relies also in part upon the case of Benedict v. City of Fort Worth, 447 S.W.2d 451 (Fort Worth Civ.App., 1969, ref. n. r. e.). This is a case in which a City employee sustained personal injury while in the course and scope of employment for the City. No notice or claim was made under the terms of the City charter. Plaintiff sued on the theory that he had an implied contract with the City established by custom and practice for the City to pay his necessary medical expenses and carrying him on the payroll while unable to work because of injury. This court held that this was basically a suit for personal injuries. This court held that it was proper for the trial court to sustain the plea to the jurisdiction *because plaintiff admitted that his cause of action was barred by the provisions of the City charter notice.* Plaintiff admitted that he could recover under the theory that the City had breached its implied contract described above, or not at all.

█ In the instant case plaintiff is claiming that the City is estopped from claiming the benefit of the notice provision of its charter. Therefore, plaintiff does not admit his action is barred by this charter provision. This fact is in dispute. Therefore, this case is distinguishable from the Benedict case.

The rule of law applicable in this case is well stated in Swilley v. Hughes, 488 S.W.2d 64 (Tex.Sup., 1972). In that case intervenors filed a suit against the administratrix to recover a debt owed by the estate. Intervenors did not allege that the claim had been presented to and rejected by the administratrix as required in the Probate Code before suit was filed. All defendants moved for summary judgment which was granted and intervenors appealed.

The cross points were bottomed on the proposition that the trial court did not acquire jurisdiction of intervenors' suit because the petition did not contain the necessary factual allegations that would give the court jurisdiction. Defendant cited numerous cases so holding. That court held that all such cases were decided before the effective date of the Texas Rules of Civil Procedure and therefore are not applicable to a case tried since that time. That court stated, in speaking of Rules 90 and 91, T.R.C.P., the following: "We have held that the provisions of the Rule also operate to forestall a prevailing party from supporting a judgment of dismissal for lack of jurisdiction by pointing to defects and omissions in a petition. Jud v. City of San Antonio, 143 Tex. 303, 184 S.W.2d 821 (1945). And see Texas Osage Co-op. Royalty Pool v. Kemper, 170 S.W.2d 849 (Tex.Civ.App.—Galveston 1943, writ ref'd); Metalab Equipment Co. v. Spring Branch Ind. Sch. Dist., 378 S.W.2d 347 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.), reversed with per curiam opinion 381 S.W.2d 48 (Tex.1964); Weisenberger v. Lone Star Gas Co., 257 S.W.2d 331 (Tex.Civ. App.—Fort Worth 1953, writ dism'd).

". . . Certain court of civil appeals' opinions have indicated that a motion for summary judgment on the pleadings 'partakes of the office of a general demurrer.' See Baxter v. Beaupre, 295 S.W.2d 718 (Tex.Civ.App.—Galveston 1956, no writ); Barnard v. Kuldell, 349 S.W.2d 313 (Tex. Civ.App.—Houston 1961, no writ). Situations in which such a motion can be sustained, however, are very limited, and the case before us does not present such a situation. It is not a case in which the facts alleged by a plaintiff establish the absence of a right of action or an insuperable barrier to a right of recovery. See McDonald, Summary Judgments, 30 Texas L.Rev. 285, 297."

The point of error is sustained.

Judgment is reversed and remanded.