**Randell Hilton SMITH, Appellant,**

v.

**Norma CARR–SMITH, Appellee.**

**No. 17881.**

Court of Civil Appeals of Texas, Fort Worth.

May 26, 1977.

**800**

Staples & Foster and Ross T. Foster, Hurst, for appellant.

Glazner, Dorman & Kent, Carmen Glazner and Ernest May, Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

Suit by Norma Carr-Smith against Randell Hilton Smith to recover on a promissory note made by Smith to her as a part of the property settlement in their divorce suit. Smith filed a counter claim for breach of a separate provision in the same settlement. Before selecting a jury on the day set for trial, trial court dismissed Smith's counter claim; admitted the note into evidence; and rendered judgment for Carr-Smith on the note. Smith appealed.

We reverse and remand.

Smith did not deny execution of the note, nor that it was in consideration for property to be received by him as his separate property under the divorce settlement agree-

ment. His first amended answer recited in part that:

1. He had timely made all payments required by the property settlement agreement. The agreement provided: "Petitioner (Carr-Smith) will pay income tax on the $600.00 payment made pursuant to the promissory note described in Paragraph 1(e) above."

2. Carr-Smith has not paid any of the income tax attributable to the $600.00 payments and Smith has been assessed additional income taxes on such payments.

3. He is entitled to withhold enough from future note payments to pay future income taxes levied on such payments and deficiencies in his payments in the past have been set off by Carr-Smith's failure to pay income taxes due.

4. Carr-Smith, in fact, owes him a large credit.

The counter claim, which was dismissed, asked for money damages for income taxes he has paid because of the note payments.

Smith urges, as error, the dismissing of his counter claim without having the opportunity to re-plead. "The courts have generally held that a party should be afforded an opportunity to amend his pleadings. *Ragsdale v. Ragsdale*, 520 S.W.2d 839 (Fort Worth Civ.App., 1975, no writ hist.)." *Liberty Mutual Ins. Co. v. City of Fort Worth*, 524 S.W.2d 743, 745 (Tex.Civ.App.—Fort Worth 1975, writ dism'd). See also *Clark v. City of Dallas*, 228 S.W.2d 946 (Tex.Civ.App.—Waco 1950, no writ), where near analogous situation was presented. There, as here, was exception by the party whose cause was dismissed. He obtained reversal of the judgment in a case where the trial court deemed his pleadings impossible to amend so as to aver a cause of action.

In this case due process was not observed in that respect; nor was it observed in effect, in granting a summary judgment without notice to Smith. We therefore sustain points of error 1, 2 and 9. We overrule all of the other points of error.

Reversed and remanded.