**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellants,**

v.

**CITY OF PORT ARTHUR, Appellee.**

No. 7434.

Court of Civil Appeals of Texas, Beaumont.

Feb. 8, 1973.

Rehearing Denied March 1, 1973.

**188**

Sears & Burns, Houston, John Tucker, Orgain, Bell & Tucker, Beaumont, for appellants.

Fuller, Fuller & McPherson, George Wikoff, City Atty., Port Arthur, for appellee.

DIES, Chief Justice.

The City of Port Arthur, a home rule city, brought suit against Southwestern Bell Telephone Company for a declaratory judgment that its Ordinance No. 71–92, adopted November 11, 1971, is valid. From a summary judgment in favor of City, Telephone Company perfects this appeal.

Both parties stipulate that "the only issues in this lawsuit involving Ordinance No. 71–92 . . . pertain solely to the interpretation and validity of Section 4 thereof. The validity and interpretation of the remaining sections of such Ordinance No. 71–92 are not involved in this lawsuit, or presented to the Court in any manner for determination as to any issue." The section under review is as follows:

"*Section 4.* Such application concerning proposed rates shall: (a) include an agreement to reimburse the City of Port Arthur for the reasonable fees and expenses of any independent study and evaluation of the proposed consultants and engineers specially employed by the City in its discretion, or, at the discretion of the City Council, (b) include at the expense of the owner of the public utility the written report of an evaluation and study of the proposed rates by an independent professional consultant and/or engineer designated by the City, and (c) include an agreement to pay for the costs of any public hearing or hearings, held by the City Council in the matter of the proposed rates."

Telephone Company's two points of error are that the trial court erred in granting City's motion for summary judgment and in overruling Telephone Company's motion for summary judgment. The arguments in support of both points of error are, in essence, that the City is prohibited from adoption of the ordinance complained of by Art. 11.06, Tax.-Gen., V.A.T.S., and that the ordinance, in attempting to impose a charge upon Telephone Company, violated the provisions of the franchise ordinance already in existence.

Texas is the only state that does not have a regulatory commission with statewide jurisdiction over telephone rates and service. 45 Tex.Law Rev. 611 (1967). The Legislature has designated "[t]he governing body of all incorporated cities and towns in this State" to perform this duty. Art. 1119, Vernon's Ann.Civ.St. At the time of the writing of the article above mentioned, there were 844 such municipal rule-making authorities in Texas. Where there is no authority, of course, no regulation exists, in fact or authorized.

Other states have statutes similar to this section of the ordinance in question. See the annotation in 101 A.L.R. 197 (1936). Such authority has been held constitutional. Great Northern R. Co. v. Washington, 300 U.S. 154, 57 S.Ct. 397, 81 L.Ed. 573 (1936).

Art. 11.06, Tax.-Gen., V.A.T.S., provides:

"(2) No city or other political subdivision of this State, by virtue of its taxing power, police power, or otherwise, shall impose an occupation tax or charge of any sort, for the privilege of doing business, upon any person, corporation, or association required to pay an occupation tax under this Article; provided, that nothing in this Article shall be construed to prohibit the collection of ad valorem taxes as provided or not prohibited by law, or any tax now imposed by franchise, and provided further that this Article shall not affect any contract now in existence or hereafter made between a city and the holder of a franchise."

Telephone Company argues that until and unless the Legislature changes

this statute, the charge imposed by the ordinance here is invalid as being one "for the privilege of doing business." We do not think so. While the inability to obtain a profitable rate and price structure might result in the Company's power to do business, it is the settled law of this state that a telephone utility may go directly into court to seek an injunction to prevent the enforcement of a confiscatory rate schedule. Schenker v. City of San Antonio, 369 S.W.2d 626, 629 (Tex.Civ.App., San Antonio, 1963, error ref. n. r. e.) and authorities there cited.

 A city may bind itself by a franchise so long as it does not surrender or contract away its police or governmental powers. Texas Power & Light Company v. City of Garland, 431 S.W.2d 511, 517 (Tex.1968).

■ The ordinance granting Telephone Company its franchise in Port Arthur was passed on February 9, 1966, and was conditioned on the right of City to fix and regulate the Company's prices and rates. Its terms obligated Telephone Company "to pay to the City annually during the continuance of the agreement a sum of money equal to two per cent (2%) of the annual gross receipts for the preceding year received by the Company from the rendition of local exchange telephone transmission service within the corporate limits of the City." The franchise ordinance also provided:

"The City agrees that the consideration set forth in the preceding section hereof shall be paid and received in lieu of any tax, license, charge, fee, street or alley rental or other character of charge for use and occupancy of the streets, alleys and public places of the City; in lieu of any pole tax or inspection fee tax; in lieu of any easement or franchise tax, whether levied as an ad valorem, special or other character of tax; and in lieu of any imposition other than the usual general or special ad valorem taxes now or hereafter levied."

The ordinance in question here could hardly be more broad in its language and the two per cent gross receipts by City is declared "in lieu of any imposition other than the usual general or special ad valorem taxes now or hereafter levied." Therefore, we hold that, while City had the power to impose the investigation charge contained in Section 4 of the ordinance in question, it agreed prior to the ordinance by the passage of the franchise ordinance to accept the two per cent gross receipts in lieu of this.

We reverse the summary judgment of the trial court and render judgment that Section 4 of Ordinance No. 71–92 is void and invalid; that Section 8 of Ordinance No. 66–26 is contractually binding upon the parties; that plaintiff, City of Port Arthur, take nothing by reason of this suit; and that Southwestern Bell Telephone Company is entitled to deduct the sum of $3,100 advanced to the City from the gross receipts payment to be made on March 15, 1973.