

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 4, 1977

The Honorable Ron Clower
Chairman
Consumer Affairs Sub-Committee
State Senate
State Capitol Building
Austin, Texas  78711

Opinion No. H-919

Re:  Effective date of
section 24 of the Public
Utility Regulatory Act,
article 1446c, V.T.C.S.,
authorizing municipalities
to hire rate consultants
and be reimbursed by
utilities.

Dear Senator Clower:

You have requested our opinion concerning the effective
date of section 24 of the Public Utility Regulatory Act,
article 1446c, V.T.C.S.  This section provides:

> The governing body of any municipality
> shall have the right to select and engage
> rate consultants, accountants, auditors,
> attorneys, engineers, or any combination
> thereof, to conduct investigations, present
> evidence, advise and represent the governing
> body, and assist with litigation on public
> utility ratemaking proceedings; and the
> public utility engaged in such proceedings
> shall be required to reimburse the governing
> body for the reasonable costs of such services.

The effective date of the Act was September 1, 1975,
as provided in section 88.  This is the applicable date unless
section 87 was intended to delay the exercise of the section
24 power by municipalities.  Section 87 provides:

> (a) The regulatory authority shall
> assume jurisdiction and all powers and
> duties of regulation under this Act on
> January 1, 1976, except as provided in
> Subsection (b) of this section.

> (b) The regulatory authority shall assume
> jurisdiction over rates and service of public
> utilities on September 1, 1976.

The definitions section of the Act provides in section 2(g) that:

> The term 'regulatory authority,'
> when used in this Act, means, in
> accordance with the context where it is
> found, either the commission, the rail-
> road commission, or the governing body of
> any municipality.

It is clear that regulatory authority as used in section 87 means the Public Utility Commission, and we so applied it in Attorney General Opinion H-752 (1975). It is not so clear that the term was also intended to include municipalities so as to limit the exercise of the power given in section 24.

The general plan of the Act is that municipalities were to continue to regulate utilities within their boundaries while the commission was being organized and phased in to assume portions of that jurisdiction. See sections 2, 5, 22, 87, 88, 90.

Section 24 is an unequivocal grant of authority to municipalities. It is not dependent upon a concurrent assumption of new jurisdiction. Section 24 is a power which could be exercised in conjunction with the jurisdiction which the municipalities already had, and which the Act required that they continue to exercise during the transition period. Sec. 22.

It is obvious that section 24 was intended to change the law concerning the expenses of rate proceedings from the ruling of the court in the case of Southwestern Bell Telephone Co. v. City of Port Arthur, 491 S.W.2d 187 (Tex. Civ. App. -- Beaumont 1973, writ ref'd n.r.e.). That case held that a city's attempt to charge such expenses to the

utility in addition to charges provided in a franchise agreement was void.

The legislative intent to change the law on this point is clear.  Section 21 provides:

> If a municipality performs regulatory functions under this Act, it may make such other charges as may be provided in the applicable franchise agreement, together with any other charges permitted by this Act.

We believe that "under this Act" in this section refers to a municipality's performance of regulatory functions as authorized or required by the Act, which includes the continued exercise of their pre-existing jurisdiction and authority between September 1, 1975 and September 1, 1976, the transition period during which the commission was being established and phased in.

We do not believe that the Legislature intended section 87 to delay or limit the exercise of the section 24 authority by municipalities, and thus the general effective date of September 1, 1975, is the applicable one for section 24.  This interpretation is in accord with the general plan of the Act, the purpose stated in section 2 "to establish a comprehensive regulatory system which is adequate to the task of regulating public utilities . . ." and with the requirement of section 89 that the Act be liberally construed "to promote the effectiveness and efficiency of regulation of public utilities."

You also ask whether a municipality must enact an enabling ordinance or take any other action in order to exercise its authority under section 24.  The Legislature may give municipalities such powers as it sees fit.  Blessing v. City of Galveston, 42 Tex. 641 (Tex. Sup. 1875).  The exercise of the power given under section 24 is not conditioned upon any action by the municipality, and thus none is necessary.

### S U M M A R Y

The effective date of section 24 of the Public Utility Regulatory Act, giving municipalities authority to require regulated utilities to reimburse the reasonable costs of rate consultants and other experts in ratemaking proceedings, is September 1, 1975.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb