**118**

Virginia REED, Appellant,

v.

ACME TERMINAL WAREHOUSE &
STORAGE, INC., and Edmond
Manuel, Jr., Appellees.

No. 09–86–085–CV.

Court of Appeals of Texas,
Beaumont.

Jan. 29, 1987.

Rehearing Denied March 11, 1987.

Doug Cherry and Val Kientz, The Law Offices of Doug Cherry, P.C., Webster, for appellant.

Richard N. Evans, II, Evans, Moses & Barkley, Beaumont, for appellee.

OPINION

BROOKSHIRE, Justice.

Appeal from a jury's verdict in a personal injury damage suit. All of the ultimate, crucial fact issues were hotly contested, the evidence thereon being antagonistically conflicting. On the ultimate issues of liability and damages, the parties took diametrically opposite positions and theories of recovery and defense.

The jury awarded $20,000.00, while the plaintiff-appellant sought a much larger figure, about $214,279.00, under her optimum theory of recovery, discounted to present value. Significantly, the jury found Edmond Manuel, the employee-driver for Acme, was negligent attributing 51% fault to him. The remaining 49% of the contributing fault was attributed to Virginia Reed.

The parties presented drastically different and conflicting accounts as to how the collision occurred. Acme presented two eye witnesses who were in a vehicle behind Acme's eighteen wheeler. Tanner and Sheehan, two women, testified Virginia turned suddenly and unexpectedly from her right lane for south bound traffic to her left lane, moving directly into the pathway of Appellee's eighteen wheeler, causing the collision.

Certainly the facts of medical causation were disputed with vigor. Whether the collision caused the appellant's disabilities, discomforts, and damages was perhaps the paramount, contested question in the trial.

Appellant concedes the "liability portion of the trial was a contested issue." She introduced a videotaped deposition of George Leo Kaup, Jr., another eyewitness. Kaup testified Virginia was in the same lane as the truck of Acme; Virginia stated she drove in the left-hand lane for a long distance before being struck on June 24, 1982. Both vehicles were southbound.

After the accident, Appellant asserted injuries to her back, neck, arms, hands, and body generally. Extensive medical bills and related charges were incurred. Major reliance was placed by appellant on the testimony of Dr. Craig Crouch and Dr. Sandra Sessoms to prove her resulting injuries, expenses, and damages.

Dr. Crouch and Dr. Sessoms first saw Appellant about 2 years after the vehicular wreck. Three other doctors had seen professionally the appellant at earlier times. Their verbal testimony was not presented to the jury.

Perhaps a typical and representative summary of the doctors' testimony was given by Dr. Sandra Sessoms, who swore:

"But the fact is that just because the myelogram was negative doesn't prove anything. It is just like I cannot possibly prove that this accident caused her problem. Neither can you prove that it didn't."

This was her answer on cross-examination by Appellees' lawyer.

■ This case and its appellate record demonstrate the paramount importance of the jury's findings. We conclude the jury did not accept as the preponderance of the evidence the Appellant's version of the facts or the case. It is clear—transparently so—that the jury weighed the evidence and the testimony of the witnesses against the Appellant. The peers of the jury declined to ascribe a "preponderance" of the evidence to the Appellant's witnesses. This was their right and duty. The verdict could have, under this conflicting statement of facts, gone either way. Had the jury awarded Virginia $214,279.00 damages, we would have affirmed. We have reviewed the record assiduously in accordance with the correct standards. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Potter v. Garner*, 407 S.W.2d 537 (Tex.Civ.App.—Tyler, 1966, writ ref'd n.r.e.); Calvert, *" 'No Evidence' and 'Insufficient Evidence' Points of Error"*, 38 TEXAS L.REV. 361 (1960); Garwood, *"The Question of Insufficient Evidence on Appeal"*, 30 TEXAS L.REV. 803 (1952).

The Appellees have a single cross-point of error charging that the trial court erred in reforming the judgment by the entry of a modified judgment which awarded $19,587.04 for past medical expenses, said to have been based solely on a stipulation of the parties, which Appellees say was not placed in the record either before the jury or before the court. Appellees basically contend that the stipulation was waived by the Appellant. The Appellees argue further that the stipulation is not binding because it was never reduced to writing, nor signed, nor filed with the papers of the cause as a part of the record. Basically, it is contended there was simply no stipulation.

■ We perceive that there are serious questions concerning the action of the trial court in entering the modified judgment. The jury, after hearing a fully developed trial, found that $10,000.00 was the correct amount for reasonable and necessary medical expenses in the past and future. The Appellant alleged, in her motion for new trial, that past medical expenses were stipulated in the amount of $19,587.04. Her new trial motion stated:

"... The stipulation agreed between the parties that each element of these expenses were [sic] reasonable and necessary and were [sic] damages suffered by the Plaintiff...."

The dissent sets out the entire stipulation before this court as reflected by the record. *TEX.R.CIV.P. 11* provides:

"No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

The dissent points out that there was a stipulation of Appellant's Exhibits Nos. 51 through 58, being for medical expenses. We have carefully examined the same. Without detailing them, these medical expenses total $3,432.61. Construing *TEX.R. CIV.P. 1*, together with *TEX.R.CIV.P. 11*, we find no disclosed basis in this record for

the trial court's increasing this element of damages to $19,587.04.

There is no record before us which reflects the hearing held on the motion for new trial which resulted in the modified judgment. We have amply applied *TEX. RULES OF APP.PROC. 74(p)* [repealed TEX.R.CIV.P. 422 (Vernon 1985)], liberally construing Appellees' sole cross-point of error; yet, under *TEX.RULES OF APP. PROC. 74(p)* and *TEX.RULES OF APP. PROC. 74(d), (e) and (f)* [repealed TEX.R. CIV.P. 414(d) and (e) (Vernon 1985)], the Appellees have not demonstrated reversible error concerning the hearing which resulted in the modified judgment. We deem it was Appellees' responsibility to have the hearing properly recorded and brought forth in this record so that we could intelligently review the same. This they have not done. Appellees' cross-point is overruled. The modified, final judgment awarding $15,089.35 below is affirmed, it being signed February 18, 1986.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority does not adequately address nor correctly resolve the questions raised by the trial court's modification of the jury verdict. The jury found the past and future medical expenses to be $10,000.00. The trial court modified this to $19,587.04. Appellant complains of this modification because she alleges there was a stipulation that the $19,587.04 was the reasonable and necessary amount for past medical expenses and therefore, there was no allowance for future medical expenses in the court's modified judgment.

Appellee complains of the modification because the stipulation is not of record and therefore, the trial court erred in making any modification. The stipulation is before this court in the following manner:

> (WHEREUPON, THE EXHIBITS TENDERED TO THE COURT REPORTER BY THE COUNSEL FOR THE PLAINTIFF WERE MARKED FOR IDENTIFICATION PURPOSES AS PLAINTIFF'S EXHIBIT 51 THROUGH PLAINTIFF'S EXHIBIT 58.)
> (WHEREUPON, THERE WAS AN OFF THE RECORD DISCUSSION AT THE BENCH.)
> THE COURT: Ladies and gentlemen, we will take a fifteen-minute recess.
> (WHEREUPON, THE COURT WAS IN RECESS.)
> (WHEREUPON, THE COURT WAS RECONVENED AND THE FOLLOWING PROCEEDINGS WERE HAD, TO-WIT:)
> (WHEREUPON, COUNSEL FOR THE PLAINTIFF AND COUNSEL FOR THE DEFENDANT STIPULATED AS TO THE MEDICAL BILLS.)

Obviously, the trial court and the trial attorneys know a great deal more about this case than is apparent from the record before this court. If the stipulation is as alleged by appellant, then a new trial should have been granted. If it is as alleged by appellee, then no modification should have been made. In either event the trial court erred in making the modification. I would, therefore, in the interest of justice, reverse and remand the cause for a new trial.