**AAA RAPID CONCRETE SERVICE, INC., Appellant,**

**v.**

**C.R. WOODS, Ind. and W. Paul Merryman, Ind. and Merrwood Investments, a Partnership, Appellees.**

**No. C14–90–00963–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 17, 1991.

 

James D. Couples, Houston, for appellant.

Fred B. Bosse, Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a judgment *non obstante verdicto*. A jury returned a verdict in favor of appellant, AAA Rapid Concrete Service (AAA Concrete) and against appellees C.R. Woods, W. Paul Merryman, and Bursten. The trial court found the jury answers against Woods and Merryman were without legal significance and entered a judgment solely against Bursten. We affirm.

Appellant failed to provide a statement of the facts which were the basis of the lawsuit; therefore, we are not sure what happened prior to trial. Also, neither party filed a statement of facts from the trial court; therefore, we do not know what evidence or testimony was presented to the jury.

Appellant, AAA Concrete, filed notice of a limited appeal only as to the portion of the judgment which denied recovery against Woods, Merryman, and Merrwood Investments. The appeal was properly filed with a cost bond. Appellees also gave notice of appeal and attempted to enlarge the appeal to those matters concerning the submission of special issue number four, and the judgment against them on the counterclaim of usury. However, appellees did not file a cost bond, file a certificate of cash deposit, or a statement of facts from the trial court.

Appellant brought five points of error for review: that the court improperly failed to give effect to the jury's positive response to special issue four; that the court erred in refusing to submit a requested special issue; that the court erred in not foreclosing a constitutional lien; that the court failed to give effect to the jury findings regarding attorney's fees against Woods and Merryman; and, that the court erred in not awarding pre-judgment interest against Merrwood Investments and Merryman and Woods.

Appellees brought two cross-points of error: the wrongful submission of special issue four regarding the Sham Contractor's Statute; error in finding that AAA Con-

crete's pleadings did not constitute usury; and also error in failing to enter judgment on their counterclaims.

 The record should include a statement of facts where it is necessary to aid the appellate court in determining whether reversible error occurred. TEX.R.APP.P. 50(a). Thus, the party seeking review has the burden to bring forth a sufficient record to show error. TEX.R.APP.P. 50(d). Appellant did not file a statement of facts on appeal pursuant to TEX.R.APP.P. 53(a) & (k). Without viewing the evidence adduced at trial, this court is not able to determine whether there was sufficient evidence upon which the jury made positive findings on the special issues regarding Woods and Merryman. Likewise, we cannot determine if there was evidence to support the submission of the special issues which were denied. Because a presumption exists in favor of the trial court's judgment, in the absence of a sufficient record, the judgment will not be disturbed. *See Reimer v. Scott,* 666 S.W.2d 384, 386 (Tex.App.—Houston [14th Dist.] 1984, writ dism'd).

 Appellant also argues that it is entitled to a foreclosure on a constitutional lien as a matter of law. While a materialman's lien under art. 16 § 37 of the Texas Constitution is self-executing, "circumstances that bar collection of the debt can prevent enforcement of the lien." *Security Lumber Co. v. Weighard Construction Co.,* 413 S.W.2d 745, 748 (Tex.Civ.App.—Texarkana), *aff'd sub nom. University Savings & Loan Ass'n v. Security Lumber Co.,* 423 S.W.2d 287 (Tex.1967). Without a record we are unable to find that the trial court erred in finding no liability as to Woods and Merryman.

Finally, appellant's fourth and fifth points of error are overruled because they are dependent upon a finding of liability as to appellees. As we are unable to review points of error one and two due to an insufficient record, we are also unable to review points of error four and five.

 Appellees did not file a cost bond or certificate of cash deposit to perfect an appeal as to matters outside of appellant's limited appeal, nor did they provide a statement of facts pursuant to TEX.R.APP.P. 53(d); therefore, this court has no jurisdiction to review the cross-points.

Accordingly, the judgment of the trial court is affirmed.