IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-150-CV





CALIBER CONSTRUCTION COMPANY, INC.,



 APPELLANT


vs.





CITY OF ROUND ROCK, TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL

DISTRICT


NO. 88-055-C, HONORABLE JOHN R. CARTER, JUDGE



 





PER CURIAM


 Appellee City of Round Rock, Texas, sued appellant Caliber Construction
Company, Inc., to recover damages for breach of a contract to construct the "S.C.S. [Soil
Conservation Service] Lake No. 14-Regional Detention Improvements" in Williamson County. 
Caliber counterclaimed seeking damages for its substantial performance under the contract. After
a jury trial, the district court of Williamson County awarded damages to each of the parties,
awarded the City attorney's fees, and ordered each party to pay its own costs. We will affirm the
judgment.

 In its first two points of error, Caliber asserts that the trial court erred in awarding
the City attorney's fees. Generally, a litigant may recover attorney's fees only if a contract or
statute authorizes such recovery. The City sought, and the trial court awarded attorney's fees,
pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (1986). That section allows a party to recover attorney's fees "in addition to the amount of a valid claim and costs, if the claim is for
. . . an oral or written contract."

 In order to recover, a party must prevail on its claim. § 38.001; Davis Masonry,
Inc. v. B-F-W Const. Co., 639 S.W.2d 448 (Tex. 1982); Village Medical Center, Ltd. v. Apolzon,
619 S.W.2d 188, 191 (Tex. App. 1981, no writ); see Carr v. Austin Forty, 744 S.W.2d 267, 270-72 (Tex. App. 1987, writ denied). Based on affirmative jury answers, the trial court determined
that the City prevailed on its breach of contract claim and that $50,000 was the amount "necessary
to remedy the defects or work which Caliber failed to perform." Caliber argues that the City's
entitlement to attorney's fees fails because the jury answer of $50,000 was not a finding of
damages in favor of the City; (1) therefore, the City did not recover on its claim for breach of
contract.

 Because Caliber breached the contract, the City was entitled to recover "the cost
of completing the job or remedying the defects that are remediable." Vance v. My Apartment
Steak House, 677 S.W.2d 480, 482 (Tex. 1984). Caliber, as a breaching contractor who had
substantially performed, could recover "the full contract price less the cost of remedying those
defects that are remediable, and less the reduction in value caused by defects that are not
remediable." Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 231 (Tex. 1990); see Vance, 677
S.W.2d at 481; Atkinson v. Jackson Bros., 270 S.W. 848, 850 (Tex. Comm. App., 1925, holding
approved).

 Each of the two measures of damages has a common element: the cost of
remedying defects that are remediable. Vance, 677 S.W.2d at 481-82; Atkinson, 270 S.W. at 850. 
Caliber, as a contractor alleging substantial performance, had the burden to prove the cost to
remedy any defects even though the cost to remedy was also a measure of the City's damages. 
Dobbins v. Reddin, 785 S.W.2d 377, 378 (Tex.1990); Vance, 677 S.W.2d at 482-84; Atkinson,
270 S.W. at 850-51. Because the cost to remedy any defects was the City's measure of damages
in this instance, the jury answer was a finding as to damages in favor of the City. (2) The City
prevailed on its breach of contract claim and was entitled to recover attorney's fees pursuant to
§ 38.001(8). We overrule points of error one and two.

 In its third point of error, Caliber contends that the trial court erred in failing to
award Caliber attorney's fees. The jury found that the amount of $62,500, plus additional
amounts for any appeal, was a reasonable fee for Caliber's attorneys. The trial court disregarded
the jury finding.

 Caliber urges that it is entitled to an award of attorney's fees because the City is
a corporation from which attorney's fees are recoverable under § 38.001. See Gates v. City of
Dallas, 704 S.W.2d 737, 740 (Tex. 1986). A municipality, however, "may not be considered a
corporation under a state statute governing corporations unless the statute extends its application
to a municipality by express use of the term `municipal corporation,' `municipality,' `city,'
`town,' or `village.'" Tex. Loc. Gov't Code Ann. § 5.904 (Supp. 1992). (3) Because § 38.001
does not use any of these terms, § 5.904 precludes an award of attorney's fees, pursuant to
§ 38.001, against the City. City of Terrell v. McFarland, 766 S.W.2d 809, 813 (Tex. App. 1988,
writ denied); City of Dallas v. Arnett, 762 S.W.2d 942, 951 (Tex. App. 1988, writ denied).

 Caliber responds that § 5.904 is inapplicable because the parties entered into the
contract and the work was substantially completed before June 11, 1987, the effective date of the
predecessor to § 5.904. See Arnett, 762 S.W.2d at 951; Fort Worth v. Gene Hill Equip. Co., 761
S.W.2d 816, 822-23 (Tex. App. 1988, no writ). The City filed suit, and Caliber brought its
counterclaim after the effective date of the statute. Nevertheless, Caliber suggests that application
here would be to apply the statute retrospectively.

 Generally, a statute operates prospectively and not retrospectively. Ex parte Abell,
613 S.W.2d 255, 258 (Tex. 1981). "A retroactive law is one which `take[s] away or impair[s]
vested rights acquired under existing laws . . .'" Houston Indep. Sch. Dist. v. Houston Chronicle
Publishing Co., 798 S.W.2d 580, 585 (Tex. App. 1990, writ denied) (quoting Black's Law
Dictionary 1184 (rev. 5th ed. 1979)). The application of § 5.904 to § 38.001 does not affect any
right that accrued to Caliber before June 11, 1987. See Arnett, 762 S.W.2d at 952 (§ 38.001 is
remedial in nature). An amendment of a statute granting a remedy is effective immediately unless
there is a savings clause. Knight v. International Harvester Credit Corp., 627 S.W.2d 382, 384
(Tex. 1982); Arnett, 762 S.W.2d at 952. Accordingly, the trial court properly did not award
Caliber attorney's fees as found by the jury. We overrule point of error three.

 In its fourth point of error, Caliber contends that the trial court erred in ordering
that Caliber pay its own costs. The judgment states that each party "prevailed on certain of [its]
[illegible] and issues and as a result this Court is awarding costs against the party incurring same. 
All costs are hereby taxed against the party incurring same."

 Texas R. Civ. P. Ann. 131 (1979) provides that "a successful party" to a suit is to
recover all costs incurred therein. Texas R. Civ. P. Ann. 141 (1979) gives the trial court
discretion to assess costs otherwise than as provided by law or rule, for good cause stated on the
record. Building Concepts, Inc. v. Duncan, 667 S.W.2d 897, 905-06 (Tex. App. 1984, writ ref'd
n.r.e.).

 The record before this Court reflects that the trial court required each party to pay
its own costs because each successfully prosecuted its own claims. The trial court did not abuse
its discretion is assessing costs as it did. Duncan, 667 S.W.2d at 906. We overrule point of error
four.

 The City raises two cross-points of error. In the first of these, the City contends
that the trial court erred in disregarding the jury's answers to questions two and three because the
answers are material and are fully supported by the pleadings and the evidence. In response to
these questions, the jury found that the City was entitled to recover the amount of $85,000 as
liquidated damages under the contract. The court granted Caliber's motion to disregard the
answers and did not award the City liquidated damages.

 A trial court may disregard a jury answer if the finding is immaterial or has no
support in the evidence. Tex. R. Civ. P. Ann. 301 (Supp 1992); Eubank v. Winn, 420 S.W.2d
698, 701 (Tex. 1967); Harris County v. McFerren, 788 S.W.2d 76, 78 (Tex. App. 1990, writ
denied). In its argument, the City states that the answers are material because it specifically
requested liquidated damages in its pleadings. The City then asserts that this Court must presume
that the evidence adduced at trial supports the answers because Caliber, the appellant, did not file
a statement of facts on appeal.

 By its cross-point, the City complains of an action of the trial court in disregarding
the answers and rendering judgment. See generally Tex. R. App. P. Ann. 74(e) (Pamph. 1992);
Donwerth v. Preston II Chrysler-Dodge, Inc., 775 S.W.2d 634, 638 (Tex. 1989). As the party
seeking review, the City had the burden to present a record sufficient to show error requiring
reversal. Tex. R. App. P. Ann. 50(d) (Pamph. 1992); AAA Rapid Concrete Serv. v. Woods, 818
S.W.2d 178, 180 (Tex. App. 1991, no writ); A.T. & T. Communications v. Glass, 783 S.W.2d
305, 307 (Tex. App. 1989, no writ); Voskamp v. Arnoldy, 749 S.W.2d 113, 123 (Tex. App.
1987, writ denied). In the absence of a statement of facts, an appellate court must presume that
the evidence supports the verdict and the judgment based on that verdict. Guthrie v. National
Homes Corporation, 394 S.W.2d 494, 495 (Tex. 1965); Bogs v. Bogs, 703 S.W.2d 407, 410
(Tex. App. 1986, no writ).

 The City may not invoke this presumption as to its claims of error based on
Caliber's failure to file a statement of facts. The question is whether the trial court erred in
disregarding the jury answers. The City had the burden to present a record sufficient to show that
probative evidence existed to support the answers on liquidated damages. See Campbell v.
Northwestern Nat'l Life Ins. Co., 573 S.W.2d 496, 497 (Tex. 1978); Mooney Aircraft v. Altman,
772 S.W.2d 540, 544 (Tex. App. 1989, writ denied) (appellate court considers evidence in light
most favorable to the finding, considering only the evidence and inferences which support the
finding). Because a presumption exists in favor of the trial court's judgment, we will not reverse
the judgment in the absence of a sufficient record. Woods, 818 S.W.2d at 180; Reed v. Acme
Terminal Warehouse Storage, 729 S.W.2d 118, 120 (Tex. App. 1987, writ ref'd n.r.e.); see
Guthrie, 394 S.W.2d at 495. We overrule the City's first cross-point of error.

 In its second cross-point, the City contends that the trial court erred in awarding
damages to Caliber because the jury answers to question eight, nine, eleven, twelve, and thirteen
"are not supported by any evidence of probative value." As discussed under the first cross-point,
the City had the burden to present a record that would show harmful error as to the points it raises
on appeal. In the absence of a statement of facts, we presume that the evidence supports the jury
answers. Guthrie, 394 S.W.2d at 495. We overrule the second cross-point.

 The judgment of the trial court is affirmed.


[Before Chief Justice Carroll, Justices Kidd and Davis]

Affirmed

Filed: April 1, 1992

[Do Not Publish]

1. [1]  In question ten, the jury was asked and found:


 What amount of money, if any, do you find is necessary to remedy
any defects or work which Caliber failed to perform?

 Answer in dollars and cents, if any.

 Answer: $ 50,000 


The answer was conditioned on a "yes" answer to question eight, "Did Caliber substantially
perform the work required by the Contract?"
2. [2]  The jury also found that the City was entitled to recover the amount of $85,000 as liquidated
damages under the contract and found that zero dollars was the amount that would compensate the
City for its actual damages resulting from the breach. The charge did not define "actual
damages." See Jackson v. Fontaine's Clinics, Inc., 499 S.W.2d 87, 90 (Tex. 1973). On
Caliber's motion, the trial court disregarded the answers regarding liquidated damages. Caliber
has not raised any complaint as to a conflict, if any, between the answer of zero actual damages
and the answer to question ten.
3.   1987 Tex. Gen. Laws, ch. 342, § 1, at 1761 (Tex. Rev. Civ. Stat. Ann. art. 1269j-13
(effective June 11, 1987)). Repealed 1989 Tex. Gen. Laws, ch. 1 § 2(b), at 2 (effective August
28, 1989) and codified at Tex. Loc. Gov't Code Ann. § 5.904 (Supp. 1992).